25-516-cv
*McNamara v. Comm'r of Soc. Sec.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand twenty-six.

PRESENT:
> DENNIS JACOBS,
> RICHARD C. WESLEY,
> MICHAEL H. PARK,
> > *Circuit Judges.*

---

Francis Ronald McNamara,

> *Plaintiff-Appellant,*

v.                                                                                  25-516

Commissioner of Social Security,

> *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:                    Francis R. McNamara, *pro se*, Grand Island, NY.

FOR DEFENDANT-APPELLEE:                    Molly E. Carter, Special Assistant United States Attorney (Suzanne M. Haynes, Acting Associate General Counsel, *on the brief*), *for* Michael DiGiacomo, United States Attorney for the Western District of New York, Baltimore, MD.

Appeal from a judgment of the United States District Court for the Western District of New York (Wolford, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Francis Ronald McNamara appeals *pro se* from judgment in favor of the Commissioner of Social Security.   McNamara, through counsel, sought review of a final determination by the Commissioner denying his application for social security disability insurance benefits.   The district court denied McNamara's motion for judgment on the pleadings and granted the Commissioner's motion for judgment on the pleadings, concluding that substantial evidence supported the decision of the administrative law judge ("ALJ") that McNamara possessed the residual functional capacity to perform

2

sedentary work with some restrictions. We assume familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"Congress has authorized federal courts to engage in limited review of final [Social Security Administration] disability benefit decisions." *Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022). "On an appeal from the denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." *Id.* (internal quotation marks omitted). "That is because the same standard of review applies to the agency's decision, both in the district court and before a court of appeals: 'The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.'" *Id.* (quoting 42 U.S.C. § 405(g)).

As the Commissioner observes, McNamara's appellate brief fails to raise any of the arguments challenging the ALJ's decision that he raised through counsel in the district court. Instead, McNamara's brief is almost entirely copied from the Commissioner's district court memorandum. Although *pro se* filings should be liberally construed to raise the strongest arguments they suggest, *Green v. Dep't of Educ.*, 16 F.4th 1070, 1074 (2d Cir. 2021), the Court "need not manufacture claims of error for an appellant proceeding *pro se*," *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995). We may

3

therefore conclude that McNamara has abandoned his district court challenges to the ALJ's determinations by failing to raise them in his appellate brief. *See id.* at 92–93.

McNamara does offer one piece of evidence from which we can discern an argument. On appeal, McNamara newly submits a summary of benefits letter from the Department of Veterans Affairs ("VA"), dated January 30, 2025, stating that he became "totally and permanently disabled" due to "service-connected disabilities" on August 9, 2023. 2d Cir. 25-516, doc. 25; *see* Appellant's Br. at 22 (referencing this letter). A remand for consideration of this new evidence is not warranted, however, because the letter is not "material." 42 U.S.C. § 405(g). The VA letter states that McNamara did not become disabled until August 9, 2023—more than eight months after the ALJ's decision. *See Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) ("New evidence is material if it is both (1) relevant to the claimant's condition during the time period for which benefits were denied and (2) probative." (internal quotation marks omitted)).

We have considered all of McNamara's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4